J-A18042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JOMAR JERREL JONES :
:
Appellant : No. 1406 WDA 2022

Appeal from the Judgment of Sentence Entered August 2, 2022
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000521-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JOMAR JERREL JONES :
:
Appellant : No. 1462 WDA 2022

Appeal from the Judgment of Sentence Entered August 8, 2022
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000030-2022

BEFORE: BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: November 9, 2023**

Jomar Jerrel Jones appeals from the judgment of sentence imposed

following his guilty plea to a firearm violation and related drug offenses. Upon

review, we affirm.

On July 22, 2021, detectives from the Lawrence County Drug Task Force

executed a search warrant at an apartment in New Castle, Pennsylvania.

Jones was there with another individual. Upon searching the apartment, the detectives found drugs, drug paraphernalia, cash, and cell phones. They also found a loaded handgun on the floor of the main bedroom. Jones was arrested and charged with multiple offenses.

Several months later, on April 14, 2022, a few days before his trial was to start, Jones pled guilty to one count of persons not to possess a firearm and three counts of possession with intent to deliver ("PWID").[1] The court scheduled a hearing to impose sentence.

On June 2, 2022, before the sentencing hearing began, Jones made an oral motion to withdraw his guilty plea. The trial court gave the Commonwealth time to file a response and scheduled a hearing on the motion.

On July 7, 2022, the trial court held a hearing to address Jones' motion to withdraw. There, Jones claimed that: he was rushed into deciding whether to plea just a few days before picking a jury with armed sheriff deputies standing over him; he did not fully understand the terms of the plea; he is not guilty of any or all the charges; and the Commonwealth would not be prejudiced if he were permitted to withdraw his plea. The court denied Jones' motion. On August 2, 2022, the trial court sentenced Jones to 4 to 10 years' incarceration for persons not to possess a firearm and 18 months to 5 years' incarceration for PWID, to run concurrently.

---

[1] 18 Pa.C.S.A. § 6105 and 35 P.S. § 780-113(a)(30).

On August 10, 2022, Jones presented a post-sentence motion to the trial court. Therein, trial counsel indicated that Jones was challenging the pre-sentence denial of his oral motion to withdraw his guilty plea. Additionally, counsel requested permission to withdraw and additional time for new counsel to file a supplemental post-sentence motion. On August 12, 2022, the court issued a preliminary order granting trial counsel's requests. The court issued an order, dated and filed on August 16, 2022, scheduling argument on Jones' post-sentence motion. Both the post-sentence motion and the court's order were filed with the clerk's office on August 17, 2022.

Ultimately, on November 18, 2022, the trial court denied Jones' post-sentence motion. On December 15, 2022, Jones appealed.

Jones raises a single issue for our review:

I. [W]hether the trial court erred and abused its discretion, when [Jones sought] to withdraw his guilty plea, prior to sentencing, when he had a plausible claim of innocence and voiced that his plea was not entered into knowingly and voluntarily.

*See* Jones' Brief at 6.

Before addressing the merits of Jones' issue, we must address the timeliness of this appeal as it implicates our jurisdiction. *Commonwealth v. Ivy*, 146 A.3d 241, 255 (Pa. Super. 2016) (citing *Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999)) (appellate courts may consider the issue of jurisdiction *sua sponte*). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Commonwealth v. Nahavandian*, 954 A.2d 625, 629 (Pa. Super. 2008).

Pursuant to Pennsylvania Rule of Criminal Procedure 720(A)(1), a post-sentence motion "shall be filed no later than 10 days after imposition of sentence." A timely post-sentence motion tolls the time for filing an appeal. If a post-sentence motion is not timely filed, a notice of appeal must be filed within 30 days of sentencing. Pa.R.Crim.P. 720(A)(3); **see also Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*) ("where [a] defendant does not file a timely post-sentence motion, there is no basis to permit the filing of an appeal beyond 30 days after the imposition of sentence").

Upon initial review, it appears that Jones' appeal may be untimely. The trial court sentenced Jones on August 2, 2022. His post-sentence motion, therefore, was due on August 12, 2022. Although Jones presented his motion to the court on August 10, 2022, it was not filed with the clerk until August 17, 2022.[2] As a result, the time in which Jones had to file an appeal was not

_____

[2] The trial court indicated that Jones' post-sentence motion was timely. We acknowledge that an amended sentencing order was filed on August 8, 2022, but Jones' sentencing in open court on August 2, 2022, constitutes the reference point for determining the timeliness of post-sentence motions or a notice of appeal, and not the date the order is docketed. **Nahavandian**, 954 A.2d at 629. This is true regardless of whether the sentence was later amended. As we reasoned in Green, "As a practical matter, with very few exceptions . . . a defendant begins to serve his or her sentence immediately after the pronouncement of sentence. The pronouncement of sentence is not merely informational. It is the actual imposition of penalty." **Green**, 862 A.2d at 620. Thus, the amended order did not serve as the reference point for time
*(Footnote Continued Next Page)*

- 4 -

tolled, and, thus, his appeal was due by September 1, 2022. His appeal was not filed until December 15, 2022, and therefore, was facially untimely.

However, upon further review, we observe that there appears to have been a breakdown in court operations which resulted in the untimely filing of Jones' post-sentence motion. *See generally*, *Commonwealth v. Patterson*, 940 A.2d 493 (Pa. Super. 2007) (excusing an untimely filing when a breakdown is caused by the court or the clerk). In response to this Court's rule to show cause why Jones' appeal should not be dismissed as untimely, counsel explained that Jones' post-sentence motion was submitted directly to the court, as evidenced by court administration's time stamp, and to the Commonwealth, on August 10, 2022. This was timely, as it was within 10 days of Jones' sentencing. The court acted on the motion, in part, and issued a preliminary order dated August 12, 2022, also within 10 days of Jones' sentencing. Shortly thereafter, the court issued another order dated and filed on August 16, 2022, scheduling argument on Jones' motion. Jones' post-sentence motion and the court's preliminary order of August 12, 2022, were not filed until August 17, 2022, inexplicably after the scheduling order.

Based on these circumstances, it is evident that Jones' post-sentence motion was submitted to the trial court for consideration. A breakdown in court operations occurred after the trial court issued its preliminary order

_____

computation, which renders the filing of the post-sentence motion with the clerk on August 17, 2022, untimely.

which delayed that order, as well as Jones' motion, from being timely filed with the clerk's office. As this delay appears to have been caused by the court, in accordance with our precedence, we will excuse the untimely filing of the post-sentence motion, find the appeal itself was timely filed, and address the merits of the appeal.

Jones claims that the trial court erred in denying his request to withdraw his guilty plea prior to sentencing and proceed to trial. We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Islas**, 156 A.3d 1185, 1187–88 (Pa. Super. 2017). Pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

> (A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides: "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." **Id.** cmt. However, a defendant does not have an absolute right to such relief.

A defendant must demonstrate a fair and just reason for asking to withdraw. Any such demonstration is sufficient to support granting a motion to withdraw unless withdrawal would substantially prejudice the Commonwealth. **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1292 (Pa. 2015).

"[A] bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. *Id.* at 1285. Rather,

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292. Thus, the *Carrasquillo* Court established that trial courts still have discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." *Islas*, 156 A.3d at 1191.

> Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019).

Jones sets forth two reasons why the court erred when it denied his motion to withdraw his guilty plea. Jones first argues that he set forth a plausible claim of innocence at his hearing. According to Jones, he is not required to set forth a detailed fact pattern, theory as to his defense, or

- 7 -

comprehensive narrative, citing **Commonwealth v. Garcia**, 280 A.3d 1019 (Pa. Super. 2022), for support. Jones maintains that, if he were required to do so, it would violate his right to remain silent and relieve the Commonwealth of its burden to prove its case. Moreover, according to Jones, the Commonwealth would not suffer any prejudice if the court permitted him to withdraw. Jones' Brief at 14-15, 18, 22.

The trial court found that Jones offered nothing to demonstrate that his claim of innocence was plausible. Jones provided no facts, testimony, or any explanation to support his claim of innocence. Instead, Jones' counsel simply claimed he was innocent. Trial Court Opinion, 1/10/23, at 12. Upon review, we conclude that the trial court did not abuse its discretion in denying Jones' request to withdraw his plea based on his claim of innocence.

At the July 7, 2022, hearing on Jones' motion to withdraw, counsel explained Jones' claim of innocence: "His defense would be that he is innocent, that that didn't happen. It's a lack of evidence. It's not a specific pointing to a witness or any sort of testimony like that." N.T., 7/7/22, at 10; Jones' Brief at 13.

Counsel's statement as to why Jones' wanted to withdraw his plea is clearly a bare assertion of innocence. Notably, Jones did not offer any explanation or argument as to why the Commonwealth's evidence was insufficient. He did not set forth which element of the crimes the Commonwealth would be unable to establish, or anything more specific to

support his claim.[3]  Jones was aware of the Commonwealth's evidence at the time of the plea.  Jones acknowledged that his attorney advised him of the nature and the elements of the charges against him and what the Commonwealth would have to prove if he went to trial.  Had this been an issue, Jones easily could have raised it at his plea hearing.  Instead, when the Commonwealth asked Jones if he had possessed a gun and the drugs which he sold to a confidential informant, he stated "yes."

Furthermore, Jones' reliance on *Garcia* does not support his argument that just a claim of innocence, without more, is sufficient to withdraw a guilty plea.  In *Garcia*, the defendant filed motions to withdraw his guilty plea to sexual assault claiming he was innocent.  At the hearing on his motion, the defendant did not testify but presented the victim's testimony from the preliminary hearing which supported a viable defense of consent.  The trial court denied the motion.  *Garcia*, 280 A.3d at 1022-23.

On appeal, a panel of this Court found the trial court erred.  *Id.* at 1028. We acknowledged that the record was poorly developed given that the defendant did not testify.  Nonetheless, this Court concluded that the preliminary hearing transcript provided the defendant with a plausible

---

[3] Only now, on appeal, does Jones vaguely challenge the firearm charge based on constructive possession.  *See* Jones' Brief at 14, 22, 25.  Jones easily could have made some argument at the hearing on the motion as to why the Commonwealth's evidence was insufficient without jeopardizing his right to remain silent.  He simply did not do so.

defense. The victim's testimony indicated she allowed the defendant, with whom she had a prior relationship, at her apartment the week before he allegedly assaulted her, even though she had a PFA against him. Thus, the record contained support for the defendant's claim of innocence, even though he did not testify. *Id.* at 1026-27. Additionally, this Court also noted that the defendant did not enter his plea on the eve of trial. *Id.* at 1026. Thus, we concluded the defendant set forth a fair and just reason to support his motion to withdraw, the granting of which would not prejudice the Commonwealth. Under those facts, we concluded that the trial court abused its discretion in refusing to allow the defendant to withdraw his guilty plea. *Id.* at 1028.

*Garcia* is clearly distinguishable from the instant case, as the trial court aptly observed. We acknowledge that a defendant does not have to testify to set forth a fair and just reason to withdraw a plea. However, the defendant in *Garcia* put forth a viable defense and some evidence to support when he asserted his innocence. Here, as discussed above, Jones offered nothing to support his claim of innocence. Furthermore, unlike the defendant in *Garcia*, Jones pled guilty just a few days before trial was to start.

Jones' first argument fails.

Jones also argues that his plea was not voluntary and knowing. According to Jones, he was not fully aware of his charges when he pled guilty and felt rushed into deciding while being watched by armed deputy sheriffs. Jones' Brief at 23.

The trial court found that Jones' plea was entered knowingly and voluntarily. Trial Court Opinion, 9/18/22/, at 11, 14. The court observed that there was nothing to indicate that Jones did not understand the proceedings or that his plea was the product of duress. *Id.* at 14. Upon review, we conclude that the trial court did not abuse its discretion in finding that Jones' plea was knowing and voluntary.

In reaching its decision, the trial court reviewed the written guilty plea colloquy, the plea proceedings, and Jones' reasons for wanting to withdraw his pleas. The trial court observed that Jones completed the written plea colloquy without any concerns. Likewise, there were no issues raised during the oral colloquy. Trial Court Opinion, 1/10/23, at 15.

On the day of his plea, Jones was permitted to confer with his counsel for over an hour. During the course of the colloquy, the court gave Jones another opportunity to confer with his counsel and asked if he had any questions, to which Jones indicated he did not. Jones further stated on the record that he understood all the terms contained in the written plea colloquy. And every time the court asked whether he understood something, Jones indicated that he did.

Additionally, Jones raised no concern at the hearing about the presence of the deputies while he was consulting with his attorney. In fact, when the court asked if he was forced to plead guilty, he responded "No." The record does not support Jones' claim that his plea was not knowing and voluntary.

- 11 -

Thus, Jones' second argument also fails.[4]

In sum, under these facts, we conclude that the trial did not abuse its discretion in denying Jones' motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/09/2023

---

[4] Because Jones did not set forth a fair and just reason for withdrawing his pleas, we do not get to the issue of whether the Commonwealth would be prejudiced if he were permitted to withdraw.