J-S09019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HENRY L. SHARP | : | |
| | : | |
| Appellant | : | No. 1798 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 9, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004765-2022

BEFORE:   LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                                              **FILED MAY 15, 2025**

Henry L. Sharp ("Sharp") appeals from the judgment of sentence entered by the Delaware County Court of Common Pleas ("trial court") following his guilty plea to two counts of simple assault and one count of retail theft.[1]  After careful review, we affirm.

On July 13, 2022, asset protection specialists at Macy's department store observed Sharp attempting to steal merchandise.  When they attempted to take Sharp into custody, Sharp bit both specialists.  Sharp then fought the specialists, causing one to suffer a cracked rib and another a broken hand.  Police arrested Sharp and the Commonwealth charged him with one count

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1); 3929(a)(1).

each of robbery, retail theft, and criminal mischief, and two counts each of simple assault and harassment.

Sharp's criminal proceedings were continuously delayed as a result of his requests for continuance. On June 12, 2023, Sharp entered an open guilty plea to one count of retail theft and two counts of simple assault in exchange for the Commonwealth dismissing the remaining charges. The trial court scheduled sentencing for August 29, 2023. On that date, sentencing was rescheduled because Sharp's counsel was unavailable.

On August 30, 2023, Sharp orally moved to withdraw his guilty plea, claiming that he was seeking consideration in Veteran's Treatment Court. The trial court denied the oral motion. On January 18, 2024, Sharpe filed an application for Veteran's Treatment Court, which was subsequently denied. Then, on April 8, 2024, one day before the scheduled sentencing hearing, Sharp submitted a written motion to withdraw his guilty plea. In the motion, Sharp argued that he "timely requested to withdraw his plea," he suffered from mental health issues, and the "Commonwealth will not suffer prejudice" if he was permitted to withdraw the plea. Motion to Withdraw, 4/8/2024, at 2-3 (unnumbered).

The trial court held a hearing on the motion, at which Sharp did not present any evidence. Instead, he argued that he had sought to withdraw his plea on multiple occasions. The trial court denied the motion and proceeded

to sentencing, after which it imposed an aggregate sentence of fifteen to thirty days of confinement, followed by two years of probation.

On April 18, 2024, new counsel entered an appearance on behalf of Sharp, and, on the same day, submitted a post-sentence motion to withdraw his guilty plea. In the motion, Sharp stated "he was innocent of the crimes charged and that he felt pressured into taking the guilty plea." Motion to Withdraw Guilty Plea, 4/18/2024, ¶ 3. Sharp further indicated that the incident was caused by his diabetic episode, he had no intention of stealing, did not instigate or engage the specialists, and he could pay for the items. The trial court held a hearing on the motion. At the hearing, Sharp did not present any evidence, and instead stated he was innocent and he suffered manifest injustice because of prior counsel's failure to file certain pleadings. Ultimately, the trial court entered an order denying the motion. This timely appeal followed.

Sharp presents the following three issues on appeal:

1. Did the trial court err and abuse its discretion by denying [Sharp's] pre-sentence motion to withdraw guilty plea, filed on April 8th, 2024?

2. Did the trial court err and abuse its discretion when it failed to hold an evidentiary hearing and/or allow for defense to present evidence in support of their pre-sentence motion to withdraw guilty plea?

3. Did the court err and abuse its discretion by denying [Sharp's] post-sentence motion to withdraw guilty plea, filed on April 18th, 2024?

Sharp's Brief at 9 (capitalization omitted).

- 3 -

**Presentence Motion to Withdraw**

We address the first two issues raised on appeal together. Sharp argues that the results of his court-ordered psychological evaluation provided a "fair and just" reason for withdrawal. Sharp's Brief at 15. Specifically, he contends that the results of that evaluation showed he met the criteria for PTSD and Persistent Depressive Disorder. *Id.* Sharp further asserts he had made numerous attempts to withdraw his plea and that the Commonwealth would not suffer prejudice if he was permitted to withdraw his plea. *Id.* at 15-16. Finally, he argues that the trial court did not make relevant findings of fact following the hearing on the presentence motion to withdraw, and requests that the matter be remanded for an evidentiary hearing. *Id.* at 16-17.

We review a trial court's denial of a presentence motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Baez*, 169 A.3d 35, 39 (Pa. Super. 2017); *Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa. Super. 2017). *See also* Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, … the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty[.]"). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of

record." ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013)

(citation omitted).

Regarding the review required of a presentence motion to withdraw a

guilty plea, we have explained:

> "[T]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." [***Commonwealth v. Norton***, 201 A.3d 112, 121 (Pa. 2019)] (quoting ***Commonwealth v Widmer***, [] 744 A.2d 745, 753 ([Pa.] 2000)). The trial court must be mindful that the law requires trial courts to grant presentence plea withdrawal motions liberally and make credibility determinations supported by the record. ***Id.*** "The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial – perhaps the most devastating waiver possible under our constitution." [***Islas***, 156 A.3d at 1188] (quoting ***Commonwealth v. Elia***, 83 A.3d 254, 262 (Pa. Super. 2013)[]). Finally, this Court must not substitute its judgment for that of the trial court; rather, we must discern whether the trial court acted within its permissible discretion. ***Norton***, 201 A.3d at 121.

***Commonwealth v. Garcia***, 280 A.3d 1019, 1024 (Pa. Super. 2022).

There are several considerations that factor into a decision on a

presentence motion to withdraw a guilty plea:

> (1) "there is no absolute right to withdraw a guilty plea;" (2) "trial courts have discretion in determining whether a withdrawal request will be granted;" (3) "such discretion is to be administered liberally in favor of the accused;" and (4) "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth."

***Norton***, 201 A.3d at 116 (quoting ***Commonwealth v. Carrasquillo***, 115

A.3d 1284, 1292 (Pa. 2015)).

> A fair and just reason exists where the defendant makes claim of innocence that is at least plausible. Stated more broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. Trial courts have discretion to assess the plausibility of claims of innocence.

*Garcia*, 280 A.3d at 1023 (internal citations and quotations omitted). The "fair-and-just reason" determination for the presentence withdrawal of a guilty plea must be determined on a case-by-case basis. *Norton*, 201 A.3d at 122 n.7.

Here, Sharp has failed to provide a fair and just reason to withdraw his plea. Indeed, in his presentence motion to withdraw, Sharp's only stated reasons for seeking to withdraw the plea prior to sentencing was that he had requested to withdraw the plea on multiple occasions, the Commonwealth would not be prejudiced, and he suffered from mental health issues. Although Sharp attached the results of the psychological evaluation as an exhibit to his presentence motion to withdraw, he failed to elaborate on how those results might have impacted his ability to understand and accept the plea deal. Pointedly, during the plea colloquy, Sharp stated he did not have any physical, emotional, or mental impairments which affected his ability to understand his entry of the plea. N.T., 6/12/2023, at 4-5; Written Plea Colloquy, 6/12/2023, at 1 (unnumbered). The law is clear that Sharp is bound by his statements made during the plea colloquy. *See Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018). Accordingly, we conclude that the trial court did not

abuse its discretion in denying Sharp's presentence request to withdraw his plea.

Additionally, Sharp's argument that the trial court erred by failing to hold a hearing on his presentence motion to withdraw is without merit. The record reflects that the trial court held a hearing on Sharp's written presentence motion to withdraw. Notably, Sharp presented an argument at the hearing, but did not present any evidence. Thus, Sharp's argument fails.

**Post-Sentence Motion to Withdraw**

Sharp contends that the trial court erred in failing to grant his post-sentence motion to withdraw his guilty plea. Sharp's Brief at 17. Sharp contends that he established manifest injustice because he entered an involuntary plea. *Id.* He asserts that he was innocent of the crimes because the incident was the result of a diabetic episode; he did not have any intention of stealing; he had the means to pay for the merchandise; and he did not instigate or engage in physical activity, but was simply attempting to breathe during his diabetic episode. *Id.* at 18. He claims he was pressured by his prior plea counsel to enter the plea. *Id.* Sharp further highlights that he had made numerous requests to withdraw the plea. *Id.* at 17-18.

The review of the denial of a post-sentence motion to withdraw a guilty plea involves the following principles:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny [than pre-sentence motions to withdraw a plea] since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest

injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily.

*Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa. Super. 2018) (citation omitted). We again review the trial court's decision for an abuse of discretion. *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017).

"In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea." *Id.* at 664-65. "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (quotation marks and citation omitted). "Furthermore, nothing in [Pennsylvania Rule of Criminal Procedure 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa. Super. 2023) (citation omitted); *see also* Pa.R.Crim.P. 590, cmt. Additionally, "the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently." *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018).

In his oral and written plea colloquies, Sharp indicated that he understood English, was not under the influence of alcohol or drugs, and was not suffering from any physical, emotional, or mental problems preventing him from understanding the proceedings. N.T., 6/12/2023, at 4-5; Written Plea Colloquy 6/12/2023, at 1 (unnumbered). Sharp indicated that he understood the nature of the charges. N.T., 6/12/2023, at 5, 7; Written Plea Colloquy, 6/12/2023, at 2 (unnumbered). Sharp also stipulated to the facts to which he was pleading guilty. N.T., 6/12/2023, at 11. He further expressed his understanding of the permissible range of sentences and fines. *Id.* at 10; Written Plea Colloquy, 6/12/2023, at 2-3 (unnumbered). Sharp indicated that he understood the rights he was foregoing by pleading guilty, including the right to a jury trial, present a defense, and the Commonwealth had to prove every element of the charge beyond a reasonable doubt. N.T., 6/12/2023, at 5; Written Plea Colloquy, 6/12/2023, at 1-2 (unnumbered). Sharp stated that no one had forced him to enter the plea, that he wished to plead guilty, and that he was satisfied with his counsel's representation. N.T., 6/12/2023, at 8, 9; Written Plea Colloquy, 6/12/2023, at 3 (unnumbered).

Based upon the record before us, the trial court did not abuse its discretion by denying Sharp's post-sentence motion to withdraw his guilty plea. At the post-sentence stage, the law requires only that he made a knowing, voluntary, and intelligent decision to plead guilty. *See Jabbie*, 200 A.3d at 506. He is bound by the statements he made in the written and oral

colloquies, which indicated that he desired to enter guilty plea, that he did so of his own volition, and that he admitted to the facts underlying the crimes. **See Pier**, 182 A.3d at 480.  Under the totality of these circumstances, Sharp's plea was knowing, voluntary, and intelligent, and thus, valid.  **See Hart**, 174 A.3d at 664-65.  Therefore, Sharp's claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/15/2025