J-A26021-21

2022 PA Super 63

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FREDDIE SALVATOR GARCIA | |
| Appellant | No. 2140 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 19, 2020
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0003036-2019

BEFORE:  BOWES, J., STABILE, J., and McCAFFERY, J.

OPINION BY STABILE, J.:                          **FILED APRIL 12, 2022**

Appellant, Freddie Salvator Garcia, appeals from the October 19, 2020 judgment of sentence imposing four to eight years of incarceration followed by two years of probation for sexual assault, 18 Pa.C.S.A. § 3124.1.  We vacate and remand.

The guilty plea transcript reflects the following:

> [O]n August 2, 2019, the Easton Police were dispatched to […] Easton for a report of a sexual assault in progress.  Upon arrival they met with the victim, [A.V.] who stated that her ex-boyfriend, [Appellant], had climbed the exterior of her apartment building onto her deck and entered the residence through a sliding glass patio door without her consent.  Once inside, he proceeded to force forced her to engage in sexual intercourse without her consent.  She did have an active [Protection From Abuse order ] against [Appellant] at that time.
>
> When the police arrived, they did locate [Appellant] who was hiding in the bushes outside of the apartment building.  The victim made an immediate, prompt report, was taken to the hospital

where she underwent a sexual assault examination kit that was sent out to the Pennsylvania State Police Crime Lab to be analyzed. [Appellant's] DNA did come back as being seminal material found on the victim's vaginal swab, and [Appellant's] DNA was also found under the victim's fingernails because she had told police she tried to defend herself while the assault was going on.

N.T. Guilty Plea, 3/4/20, at 11-12 (record citations omitted).

The parties negotiated the sentence set forth above in exchange for Appellant's plea, but sentencing was deferred pending the outcome of a hearing to determine whether Appellant was a Sexually Violent Predator ("SVP"). The Commonwealth withdrew charges of aggravated indecent assault (18 Pa.C.S.A. § 3125(a)(1)) and indecent exposure (18 Pa.C.S.A. § 3127(a)).

On April 22, 2020, prior to sentencing, Appellant filed a motion to withdraw his plea in which he asserted his innocence. Motion to Withdraw Guilty Plea, 4/22/20, at ¶ 19, 20. The Commonwealth opposed the motion, arguing that Appellant offered only a bare and implausible assertion of innocence given his incriminating statements shortly after the assault. Brief in Opposition to Motion to Withdraw Guilty Plea. 4/30/20, at 8-10. The Commonwealth also argued prejudice, citing the difficulty the victim experienced in testifying at the preliminary hearing; her relief at learning of Appellant's guilty plea; and her devastation and anxiety at learning Appellant wanted to withdraw his plea. *Id.* at 10 n.7.

The trial court held a hearing on the motion on June 12, 2020. Appellant did not testify, and the only evidence Appellant introduced was the transcript of the preliminary hearing. At the preliminary hearing, the victim testified to the facts set forth above in the Commonwealth's recitation of facts at the guilty plea hearing. In addition, the victim testified that she and Appellant had an on and off relationship for about a year and a half. N.T. Preliminary Hearing, 9/12/19, at 5. Appellant lived with the victim at the apartment from November of 2018 through February of 2019, at which point they broke up, though the victim said they spoke occasionally in February and March of 2019. *Id.* at 14-15. After that, they had little contact until late July of 2019, when Appellant called. *Id.* at 16-17. She invited him to her apartment for thirty minutes. *Id.* at 18. A week later, the alleged assault happened. The victim said Appellant was drunk during the assault. *Id.* at 7. The victim also testified that, during the assault, she sent two text messages to her sister asking for help. *Id.* at 10.

The trial court accepted the preliminary hearing transcript into evidence at the June 12, 2020 plea withdrawal hearing. N.T. Plea Withdrawal Hearing, 6/12/20, at 13. Appellant rested without testifying or introducing any other evidence. *Id.* at 11, 13. Defense counsel argued that, because the victim and Appellant had been in a relationship over many years, and because the victim permitted Appellant into her apartment a week before the assault, Appellant had a viable consent defense. *Id.* at 4, 8-9. Counsel noted that

- 3 -

the victim permitted Appellant in her apartment the week before the alleged assault—and even permitted him to live with her for a while in late 2018 and early 2019—despite having a PFA against him stemming from his alleged sexual assault of the victim in 2017. *Id.* at 8-9. Counsel also claimed that police reports from the 2019 incident, provided by the Commonwealth in discovery, indicate that Appellant claimed the victim invited him to her apartment that night. *Id.* at 18-19. Finally, counsel asserted that one of the reasons Appellant accepted the plea deal was to avoid facing charges on the 2017 incident (the Commonwealth did not file charges in 2017 because, at that time, the victim was reluctant). *Id.* at 8-9, 16.

The Commonwealth argued that Appellant made incriminating statements to police regarding the 2019 allegations and that he had confessed to police regarding the 2017 allegations. *Id.* at 15. Thus, there was no viable claim of innocence. The Commonwealth also noted that Dr. Veronique Valliere, the sexual assault expert who would have testified for the Commonwealth at trial, had instead conducted Appellant's SVP assessment after Appellant pled guilty. *Id.* at 14. Her work on the SVP assessment precluded her testimony at a subsequent trial. *Id.* at 14-15. No other local experts were available to testify on behalf of the Commonwealth at trial. *Id.* The trial court, noting Appellant's failure to testify and assert his innocence, denied Appellant's motion at the conclusion of the June 12, 2020 hearing. *Id.* at 22-26.

- 4 -

On August 27, 2020, Appellant filed a second pre-sentence motion to withdraw his plea, this time asserting newly discovered evidence. He claimed he subpoenaed records from the Sexual Offender Assessment Board ("SOAB"), in response to which he received police reports he had not seen any earlier. The reports referenced the two text messages the victim allegedly sent to her sister during the assault. The victim told police that she and her sister obtained new phones shortly after the assault, and police never followed up or attempted to obtain evidence of the messages in question. Motion, 8/27/20, at ¶¶ 15-20. The Commonwealth argued that Appellant was aware of the text messages, based on the victim's preliminary hearing testimony. The Commonwealth also asserted that the police reports in question had been provided earlier. Finally, the Commonwealth argued that the alleged after discovered evidence would, at most, challenge the victim's credibility and thus was not a valid basis for plea withdrawal. The trial court denied the second motion without conducting a hearing.

The following considerations govern the decision to grant or deny a presentence motion to withdraw a plea:

> (1) "there is no absolute right to withdraw a guilty plea;" (2) "trial courts have discretion in determining whether a withdrawal request will be granted;" (3) "such discretion is to be administered liberally in favor of the accused;" and (4) "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth."

*Commonwealth v. Norton*, 201 A.3d 112, 116 (Pa. 2019) (quoting *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015)).[1]  A fair and just reason exists where the defendant makes claim of innocence that is at least plausible.  *Carrasquillo*, 115 A.3d at 1292.  "Stated more broadly, 'the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice."  *Norton*, 201 A.3d at 120-21 (quoting *Carrasquillo*, 115 A.3d at 192).  "[T]rial courts have discretion to assess the plausibility of claims of innocence."  *Id.* at 121.[2]

_____

[1]  The standard for withdrawal of a post-sentence motion is much more stringent.  In that case, the defendant must demonstrate that manifest injustice would result from denial of the motion.  *Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009).  The trial court, citing *Commonwealth v. Prendes*, 97 A.3d 337 (Pa. Super. 2014), believed that the post-sentence standard applied here because the defendant's plea bargain included a negotiated sentence, thus giving the defendant foreknowledge of what his sentence would be.  N.T. Hearing, 6/12/20, at 4-7, 9-10.  In response to some dispute from the parties, the trial court found that Appellant's first motion failed under either the pre- or post-sentence standard.  *Id.* at 22.  As to the decision on Appellant's second withdrawal motion, the trial court correctly noted that *Prendes* was no longer good law.  *Prendes* relied on *Commonwealth v. Lesko*, 467 A.2d 307 (Pa. 1983), which our Supreme Court overruled in *Commonwealth v. Hvizda*, 116 A.3d 1103, 1106 (Pa. 2015).  This Court has recognized that *Hvizda*, by overruling *Lesko*, impliedly overruled *Prendes*.  *Commonwealth v. Baez*, 169 A.3d 35, 42 n.2 (Pa. Super. 2017).  The upshot of all this is that the presentence standard applies where, as here, the parties negotiate a sentence, but the defendant moves to withdraw the plea prior to sentencing.

[2]  Rule 591 of the Pennsylvania Rules of Criminal Procedure provides:
*(Footnote Continued Next Page)*

We review that exercise of discretion as follows:

When a [trial] court comes to a conclusion through the exercise of its discretion, there is a heavy burden [on the appellant] to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.

[…]

[I]t is important that appellate courts honor trial court's discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their please would promote fairness and justice."

***Norton***, 201 A.3d at 120, 121 (citations omitted).

The trial court's discretion, however, is not unfettered. "[T]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach

_____

(A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant […] the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The comment to Rule 591 provides, "[a]fter the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." Pa.R.Crim.P. 591, Comment.

a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." **Id.** at 121 (quoting **Commonwealth v Widmer**, 744 A.2d 745, 753 (Pa. 2000)). The trial court must be mindful that the law requires trial courts to grant presentence plea withdrawal motions liberally and make credibility determinations supported by the record. **Id.** "The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution." **Commonwealth v. Islas**, 156 A.3d 1185, 1188 (Pa. Super. 2017) (quoting **Commonwealth v. Elia**, 83 A.3d 254, 262 (Pa. Super. 2013), **appeal denied**, 94 A.3d 1007 (Pa. 2014)). Finally, this Court must not substitute its judgment for that of the trial court; rather, we must discern whether the trial court acted within its permissible discretion. **Norton**, 201 A.3d at 121.

The defendant in **Norton**, facing charges for indecent assault and corruption of minors, entered a *nolo contendere* plea to one count of each on the day of his jury selection. Prior to that, the defendant's motion to exclude prior bad acts evidence—his alleged sexual assault of his daughter many years prior—was denied. **Norton**, 201 A.3d at 114-15. Four months after entering his plea, and before sentencing, the defendant moved to withdraw it. The defendant claimed he was innocent, could not live with himself for entering

the guilty plea, and that he wanted to test the Commonwealth's evidence at trial. *Id.* at 115, 121. The trial court denied the defendant's motion, and both this Court and our Supreme Court affirmed. In essence, the defendant put forth a bare assertion of innocence, and his claims that he could not live with himself and that he wanted to test the Commonwealth's evidence were "makeweight" and "non-substantive." *Id.* at 121. The Supreme Court noted that the trial court was "intimately familiar" with the case and "demonstrated a studied understanding of the law." *Id.* at 122. Moreover, the defendant was aware of his available defenses when he entered his plea, and he "inexplicably" waited four months to file the withdrawal motion. *Id.*

Likewise, the Supreme Court in *Carrasquillo* concluded denial of the plea withdrawal motion was proper where the defendant claimed in support of the motion that he was framed by the Central Intelligence Agency. *Carrasquillo*, 115 A.3d at 1287. The defendant's statements, compared against the Commonwealth's strong proffer of evidence at the plea hearing, rendered the assertion of innocence implausible. *Id.* at 1298. The denial of relief in the companion case to *Carrasquillo* was proper where the defendant asserted his innocence but offered no evidence. *Commonwealth v. Hvizda*, 116 A.3d 1103, 1104, 1107 (Pa. 2015).

In *Commonwealth v. Baez*, 169 A.3d 35, 38 (Pa. Super. 2017), the defendant claimed he pled guilty to rape of a child in response to the trial court's threat to sentence him to sixty-five years of incarceration if convicted.

Because the defendant made nothing other than a bald assertion of innocence and failed to assert any possible defenses, and because the guilty plea colloquy did not support the defendant's assertion that his plea was the result of the trial court's threat, this Court found no error in the trial court's denial of the defendant's withdrawal motion. *Id.* at 40-41. Further, the Commonwealth would have suffered substantial prejudice, as it had already picked a jury and presented three witnesses, including the victim. *Id.* at 42.

On the other hand, this Court in ***Commonwealth v. Islas***, 156 A.3d 1185 (Pa. Super. 2017), held that the defendant's pre-sentence plea withdrawal motion should have been granted. The defendant, facing charges of indecent assault of a victim less than thirteen years of age, entered a guilty plea to one count in exchange for the Commonwealth's agreement to *nolle pros* the other two. *Id.* at 1187. At his subsequent plea withdrawal hearing, the defendant testified that he did not commit the charged offenses and had maintained his innocence to investigating officers. *Id.* at 1191. The defendant also noted the absence of witnesses, the victim's motive to fabricate, and his lack of a criminal record. *Id.*

In analyzing the defendant's argument, the ***Islas*** Court distilled four "guideposts" from ***Carrasquillo***:

> First, the Court squarely rejected a *per se* approach in which any presentence motion to withdraw a guilty plea based on a claim of innocence must be granted. Second, nothing in ***Carrasquillo*** suggests that the Court intended the pendulum to swing fully in the other direction—from automatic grants to automatic denials of pre-sentence motions to withdraw. Indeed, the Court expressly

reaffirmed the liberal-allowance language in **Forbes**, which continues to stand in sharp contrast to the "manifest injustice" standard for post-sentence motions to withdraw. Third, the Court directed trial courts to distinguish between "mere, bare, or non-colorable" assertions of innocence on the one hand and those that are "at least plausible" on the other. Fourth, as trial courts undertake the task of making that distinction, both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant. In addition, in his concurring opinion in **Carrasquillo**, then-Justice Stevens added that trial courts assessing the credibility of an accused's assertion of innocence should also consider any "ulterior or illicit motive" for the motion to withdraw.

**Islas**, 156 A.3d at 1190–91.

Analyzing the defendant's claim, the **Islas** Court noted that the defendant testified to several plausible bases for his assertion of innocence. **Id.** at 1191. The Commonwealth's case appeared to rest solely on the testimony of the victim; there was no strong evidence to undermine the defendant's asserted innocence. **Id.** at 1191-92. The defendant sought to withdraw his plea only one month after it was entered, and two months before the scheduled sentencing. **Id.** at 1191. Finally, the defendant had no obvious ulterior motive for withdrawing his plea. **Id.** Thus, the trial court erred in denying the defendant's motion. **Id.** at 1194.

Similarly, in **Commonwealth v. Elia**, 83 A.3d 254 (Pa. Super. 2013), the trial court granted the defendant's withdrawal motion. On appeal after a jury verdict against him, the defendant argued the trial court erred in permitting him to withdraw his guilty plea because the defendant had not asserted a plausible claim of innocence. Significantly, for our purposes, this

- 11 -

Court agreed that the defendant's testimony did not include an unequivocal declaration of innocence. *Id.* at 264. Rather, he argued that his counsel bullied him into the plea, and that the evidence against him was not sufficient. *Id.* Based on these assertions, the *Elia* Court found that the trial court did not err in granting the defendant's motion to withdraw. *Id.*

The record in the instant case is poorly developed. Appellant, as noted above, did not testify in support of either motion to withdraw. The trial court commented on the absence of testimony repeatedly during the hearing on the first motion, but counsel rested on the introduction into evidence of the preliminary hearing transcript. The trial court declined to conduct a hearing on the second motion.

We begin with a consideration of the first withdrawal motion. Mindful of the policy for liberal allowance of presentence plea withdrawal, we offer the following observations. Because counsel inexplicably chose not to put Appellant on the witness stand at the hearing on his first motion, despite repeated promptings from the trial court, the trial court was unable to assess his credibility. Nonetheless, the record is not completely bereft of evidence. Appellant argues, from the preliminary transcript, that he has a plausible consent defense. Per the victim's testimony at the preliminary transcript, she permitted Appellant into to her apartment as recently as one week prior to the alleged assault, and while she had a PFA in effect against him.

The Commonwealth argues, under **Norton**, that these facts do not add up to a plausible assertion of innocence. Here, as in **Norton**, Appellant was aware of the victim's preliminary hearing testimony well in advance of his plea. Thus, he entered his plea well after the basis for his subsequent withdrawal motion was readily apparent. In other respects, however, we find **Norton** distinguishable. There, the defendant waited four months to withdraw his plea, and the **Norton** Court characterized his claim—that he could not live with himself for entering the plea and that he wanted to test the Commonwealth's evidence—as non-substantive. Instantly, Appellant's withdrawal motion was much more prompt, and he relies on a consensual visit to the victim's apartment just prior to the alleged assault, as well as a prior relationship with the victim, in support of a consent defense. Thus, Appellant has made more than the bare, "makeweight" assertion of innocence at issue in **Norton**.

Further, as in **Islas**, there is no strong evidence to undermine the plausibility of Appellant's consent defense. The Commonwealth cites Appellant's contemporaneous confessions to police, but those were not a part of the proffer at the guilty plea hearing, and the Commonwealth did not produce them, or any other evidence, at the withdrawal hearing.[3] We

_____

[3] The Commonwealth, in its brief opposing Appellant's first withdrawal motion, expressed its intent to support its case in opposition with evidence at the

*(Footnote Continued Next Page)*

- 13 -

recognize that Appellant, as movant, bore the burden of production and persuasion, but both parties are at fault for the limited record before us. Because *Islas* teaches that the strength of the Commonwealth's case, in relation to the nature of the defendant's claim of innocence, is relevant to our analysis, the Commonwealth would have done well to develop a record in opposition to plea withdrawal, regardless of Appellant's limited evidence.

We further observe that we are not faced with a guilty plea entered on the eve of trial. Appellant was arrested on August 2, 2019, the day of the offense. The preliminary hearing occurred on September 12, 2019, and the arraignment took place on December 5, 2019. The only other proceeding was a January 2, 2020 scheduling conference. Appellant entered his plea on March 4, 2020, before any trial date was set, and he filed his first motion to withdraw approximately a month and a half later, on April 22, 2020.[4] We discern no reason why the timing of Appellant's plea and subsequent withdrawal motion pose obstacles to the granting of his withdrawal request. A withdrawal motion one month after the plea was sufficiently timely in *Islas*. The instant case is clearly distinct from *Baez*, for example, where the defendant sought to

_____

hearing, but it failed to do so. *See* Response to Motion to Withdraw Guilty Plea, 4/30/20, at 8 n.4.

[4] Appellate counsel asserts that she notified the prosecutor by text message on April 1, 2020, of Appellant's intent to withdraw. There is no evidence in the record in support of this assertion.

withdraw after a jury was empaneled and the Commonwealth had presented several witnesses.

Considering the foregoing under the applicable precedent, we conclude that Appellant proffered a timely and plausible basis for withdrawing his guilty plea. We observe that the defendant in *Elia*, though he testified, failed to make an unequivocal assertion of his innocence during his testimony. The *Elia* Court nonetheless found in the defendant's testimony other valid bases for withdrawal of his plea. The instant record, similarly lacks an unequivocal on-the-record assertion of Appellant's innocence, establishes that the victim consented to a visit from Appellant shortly before the alleged assault, and during the pendency of a PFA against him. While this is not an especially compelling claim in support of Appellant's withdrawal motion, neither has the Commonwealth created a strong record in support of the motion's denial. The law does not require a compelling case for the defendant's innocence, only a plausible one based on the available facts.

Next, we consider the Commonwealth's assertion that Appellant's plea withdrawal would result in substantial prejudice. The Commonwealth asserts that it cannot use Dr. Valliere, the sexual assault expert who would have testified for the Commonwealth at trial, because after his plea she conducted Appellant's SVP assessment on behalf of the SOAB. The Commonwealth asserts that Dr. Valliere's work on the SVP assessment precludes her testimony at a subsequent trial, and that she is the only local expert in her

field. Assuming without deciding that this is true (again, the record is lacking),[5] we cannot conclude that it supports a finding of substantial prejudice. Though the Commonwealth may be inconvenienced in this case by the need to procure a non-local expert, mere inconvenience is not a basis for refusing Appellant his right to a jury trial.

Further, the Commonwealth argues that Appellant's plea withdrawal motions have created difficulties for the Commonwealth in meeting the Pa.R.Crim.P. 600 deadline for bringing Appellant to trial in this case. Appellant argues that Rule 600 was suspended for much of the Covid 19 pandemic. Regardless, the Commonwealth fails to explain how any of the delay occasioned by Appellant's plea and subsequent attempts to withdraw it will be chargeable to the Commonwealth under Rule 600. And for that reason, we fail to understand how the Commonwealth will be any worse off after our disposition of this appeal than it was on the day before Appellant pled guilty. We find Appellant's Rule 600 argument unpersuasive.

In conclusion, we have determined that Appellant asserted a consent defense that is at least plausible. We find no basis upon which to conclude that withdrawal of Appellant's plea will result in substantial prejudice to the Commonwealth. And while we do not condone Appellant's reliance on a poorly

---

[5] The *Islas* Court criticized the trial court for finding substantial prejudice based on speculation in the Commonwealth's brief; the Commonwealth entered no evidence as to substantial prejudice. *Islas*, 156 A.3d at 1192-94.

developed record, we conclude, mindful of the policy of liberal granting of presentence plea withdrawal motions, that Appellant's first motion to withdraw his plea should have been granted. In finding otherwise, the trial court misapplied the liberal standard applicable to presentence plea withdrawals. Given our disposition of Appellant's first plea withdrawal motion, we need not consider the second.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2022