J-A03025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE L. PRYOR | : | |
| | : | |
| Appellant | : | No. 702 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 13, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009853-2021

BEFORE: BOWES, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED JUNE 8, 2026**

Shane L. Pryor appeals from the judgment of sentence entered following his *nolo contendere* plea to third-degree murder, conspiracy, and firearms not to be carried without a license.[1] He asserts the trial court erred in denying his presentence motion to withdraw his plea. We affirm.

In November 2024, Pryor entered a *nolo contendere* plea to third-degree murder, conspiracy, and firearms not to be carried without a license. *See* Nolo Contendere Plea, dated 11/12/24. The court scheduled sentencing for February 13, 2025. Two days before sentencing, Pryor filed a motion to withdraw his plea. Defendant's Pre-Sentence Motion to Withdraw Plea, filed 2/11/25. The court heard the motion on the day of sentencing.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), 903(a), and 6106, respectively.

Counsel alleged that Pryor always maintained his innocence and had informed counsel that he did not understand the meaning of a *nolo contendere* plea. N.T., Sentencing, 2/13/25, at 5.[2] Counsel claimed that he "somewhat coerced [Pryor] into entering into this plea" and stated that when the Commonwealth read facts into the record during the colloquy, "[Pryor] didn't want to accept that that's what he did." *Id.* Regarding the plausibility of Pryor's claim of innocence, counsel stated that "[a] suggestion is that it was the codefendant" who committed the crime. *Id.* at 6. Counsel argued that the Commonwealth would not be prejudiced because it could call the codefendant and officers as witnesses at trial. The Commonwealth responded that it would be prejudiced if the court granted the motion because Pryor's codefendant had already pleaded guilty and had been sentenced. It maintained that he would not be motivated to testify against Pryor if the case went to trial.

The court denied the motion and proceeded with sentencing. Pryor exercised his right of allocution and admitted his involvement in the murder, stating, "I did the crime[.]" *Id.* at 75. The court sentenced Pryor to 10 to 20 years' incarceration for third-degree murder, a consecutive term of two and one-half to five years' incarceration for conspiracy, and a concurrent term of

_____

[2] The sentencing transcripts are not included in the certified record, but the transcripts are attached as an appendix to the appellant's brief. Since there is no dispute amongst the parties as to the accuracy of the transcripts, we will consider them. *See* Pa.R.A.P. 1921, Note ("where the accuracy of a pertinent document is undisputed," this Court may consider the document if it is included in the Reproduced Record but not in the certified record).

two and one-half to five years' incarceration for the firearms charge. **See** Order of Sentence, dated 2/13/25.

Pryor filed a post-sentence motion asking the court to reconsider its sentence, citing his age at the time of the offense and other mitigating factors. **See** Post-Sentence Motion to Pursuant to Pa.R.Crim.P. 720, filed 2/21/25. The court denied the motion and this timely appeal followed. The court ordered Pryor to file a Rule 1925(b) statement, and he complied, raising the sufficiency of the factual proffer to support his plea, the court's denial of his request for new counsel, and its denial of his motion to withdraw his plea. **See** Statement of Matters Complained on Appeal, filed 4/3/25.

On appeal, Pryor raises two issues:

1. Did the trial court abuse its discretion in denying [Pryor's] motion to withdraw his plea of *nolo contendere* prior to sentencing?

2. Whether the Commonwealth prejudiced itself by letting the codefendant cooperator be sentenced before [Pryor] was sentenced and his case finalized[.]

Pryor's Br. at 1 (issues reordered for purposes of disposition).

In his first claim, Pryor challenges the court's denial of his presentence motion to withdraw his plea. We review a court's decision to grant or deny a presentence plea withdrawal for an abuse of discretion. **See Commonwealth v. Garcia**, 280 A.3d 1019, 1023 (Pa.Super. 2022). Although there is no absolute right to withdraw a plea, a presentence motion to withdraw a plea should be freely granted if the court finds "a fair and just reason." **See Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1287 (Pa. 2015). A

- 3 -

presentence motion to withdraw a plea "should not be permitted if the prosecution has been substantially prejudiced." *Commonwealth v. Islas*, 156 A.3d 1185, 1192 (Pa.Super. 2017) (citation and internal quotation marks omitted). "[W]hen a defendant files a presentence motion to withdraw a guilty plea based upon a claim of innocence, the innocence claim must be at least plausible" to establish a fair and just reason. *Commonwealth v. Norton*, 201 A.3d 112, 120 (Pa. 2019) (citation and internal quotation marks omitted). The claim of innocence should be "supported by some facts or evidence in the record[.]" *Commonwealth v. Jamison*, 284 A.3d 501, 505 (Pa.Super. 2022). "[A] bare assertion of innocence is not, in and of itself, a sufficient reason to require a court" to grant a plea withdrawal. *Carrasquillo*, 115 A.3d at 1285.

Here, Pryor's argument on this issue consists of two pages of general discussion of authorities relating to presentence motions to withdraw a plea. However, Pryor fails to give a summary of the evidence relevant to this argument, much less an explanation of the reasons he believes that the law as applied to the facts of this case requires reversal. As such, we find waiver for failure to develop this claim. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007).

Moreover, as we understand the relevant facts, Pryor's claim lacks merit. The trial court explained that it denied Pryor's motion because his claim of innocence was implausible; "there were plausible ulterior motives for the withdraw[al];" and it would have prejudiced the Commonwealth to grant the

motion. **See** Rule 1925(a) Opinion, filed 5/19/25, at 14. The court also concluded that the facts of the case aligned with **Norton**. The court noted that, like the defendant in **Norton**, Pryor waited three months before filing a motion to withdraw his *nolo contendere* plea, and filed it two days before sentencing. The court also noted that Pryor asserted his innocence but offered no evidence to support his claim. The court concluded that despite Pryor's claim that he did not understand that his *nolo contendere* plea would result in him being treated the same as if he had been found guilty, the presentence report showed that "at no point did [Pryor] tell the investigator that he was innocent, that he did not understand what a *nolo contendere* plea was, or that he wanted to withdraw his plea." **Id.** at 14-15; **see also** N.T., Sentencing, at 35.

We discern no abuse of discretion. As the court concluded, Pryor failed to present a plausible claim of innocence that would provide the court with a fair and just reason to grant the withdrawal motion. Although counsel argued that Pryor had always maintained that someone else committed the crime and that the culprit of the crime was the codefendant, it amounts to nothing more than a bare assertion of innocence. Pryor notably abandoned his claim of innocence at sentencing and admitted his participation in the crime. Furthermore, the record reveals that Pryor did not always previously claim he was innocent. The trial court pointed out that at a hearing before the plea, counsel told the court that he "wanted to investigate a mental health defense[.]" **Id.** at 26. Additionally, Pryor's claim that he did not understand

that the plea would result in him being treated as if he had been found guilty is belied by the extensive colloquy that Pryor signed prior to entering the plea. *See* Colloquy for Plea of Guilty/Nolo Contendere Colloquy, dated 11/12/24, at 6 (Pryor signing under section titled "Giving Up Defenses" and providing "If I plead guilty, I am giving up the right to defend my case. I cannot come back to court later and say that I was not guilty").

Pryor's second claim, related to whether the Commonwealth created its own prejudice, is waived for failure to raise it in the Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/8/2026