J-A18025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEX HATCHETT | : | |
| | : | |
| Appellant | : | No. 1678 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001129-2021

BEFORE: OLSON, J., DUBOW, J., and BECK, J.

MEMORANDUM BY BECK, J.:                     **FILED JULY 18, 2025**

Alex Hatchett ("Hatchett") appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas ("trial court") following his open guilty plea to one count each of third-degree murder and carrying a firearm by a prohibited person.[1] Hatchett challenges the denial of his presentence motion to withdraw his guilty plea and the discretionary aspects of his sentence. We affirm.

On September 7, 2019, police officers responded to a shooting at South 52nd Street in Philadelphia, where they found Nasir Jackson ("Jackson") suffering from multiple gunshot wounds to the chest. Jackson was transferred to a hospital, where he was later pronounced dead.

_____

[1] 18 Pa.C.S. §§ 2502(c), 6105(a)(1).

Police obtained video surveillance footage from surrounding businesses. They observed the shooter exit a silver 2019 Nissan Altima and enter a corner store. Upon exiting the store, the shooter pulled a firearm from his waistband and shot Jackson. The footage showed the shooter returning to the Nissan Altima, which police determined was an Enterprise rental car. They subsequently established that Hatchett had rented the car the morning of the shooting and returned it approximately twenty-five minutes after the shooting. Police arrested Hatchett and the Commonwealth charged him with numerous crimes.

Thereafter, Hatchett engaged in plea negotiations with the Commonwealth. Hatchett agreed to enter a guilty plea to third-degree murder and carrying a firearm by a prohibited person in exchange for the dismissal of his remaining charges in the instant case. The parties also agreed that the Commonwealth would not recommend an aggregate sentence of more than thirty to sixty years in prison.[2] The trial court accepted the plea and deferred sentencing.

_____

[2] Notably, at the time of the discussions, Hatchett had an additional open murder case pending against him. The Commonwealth offered three plea options to resolve both cases: (1) a guilty plea to two counts of third-degree murder, and an agreement to aggregate the sentence to thirty to sixty years in prison; (2) a guilty plea to two counts of third-degree murder without any agreement as to sentence, but the Commonwealth would agree not to pursue life imprisonment; and (3) a guilty plea in the instant case and proceeding to trial in the additional murder case. Hatchett pled nolo contendere in the other murder case, but subsequently withdrew the plea.

On June 13, 2023, prior to sentencing, Hatchett filed a motion to withdraw his guilty plea in the instant case. After holding a hearing, the trial court denied the motion. On March 1, 2024, the trial court sentenced Hatchett to twenty to forty years' incarceration for third degree murder, and a consecutive term of ten to twenty years' incarceration for carrying a firearm by a prohibited person.

Hatchett filed a post-sentence motion, which the trial court denied. Hatchett filed the instant timely appeal.

On appeal, Hatchett presents three questions for our review:

1. Whether the court erred when it denied [Hatchett's] motion to withdraw his guilty plea?

2. Whether the court's imposition of maximum and consecutive sentences for third[-]degree murder and possession of a firearm by a felon was an abuse of discretion that does not consider [Hatchett's] mitigating circumstances?

3. Whether the court's sentence was an exercise of discretion for reasons of partiality, prejudice, bias or ill will, as the court gave greater weight to victim impact testimony than to [Hatchett's] individual characteristics and rehabilitative needs?

Hatchett's Brief at vii (unnecessary capitalization omitted).

## **Presentence Motion to Withdraw Plea**

Hatchett contends that the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea. *Id.* at 3-6. Hatchett claims that he sought to raise defenses of misidentification and failure to establish a motive, which he contends are fair and just reasons to grant withdrawal of his plea. *Id.* at 3. He argues that the police did not

identify the person who rented the vehicle or returned it, he was renting cars from a car share and subletting them to third parties for cash, an investigating officer identified another person as the shooter from video footage, and he has no connection to Jackson to establish motive. *Id.* at 3-5.

We review a trial court's denial of a presentence motion to withdraw a guilty plea for an abuse of discretion. ***Commonwealth v. Baez***, 169 A.3d 35, 39 (Pa. Super. 2017); ***Commonwealth v. Islas***, 156 A.3d 1185, 1187 (Pa. Super. 2017). ***See also*** Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, … the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty[.]"). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record." ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013) (citation omitted).

Regarding the review required of a presentence motion to withdraw a guilty plea, we have explained:

> "[T]he term 'discretion' imports the exercise of judgment, wisdom, and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." [***Commonwealth v. Norton***, 201 A.3d 112, 121 (Pa. 2019)] (quoting ***Commonwealth v. Widmer***, [] 744 A.2d 745, 753 ([Pa.] 2000)). The trial court must be mindful that the law requires trial courts to grant presentence plea withdrawal motions liberally and make

credibility determinations supported by the record. *Id.* "The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial – perhaps the most devastating waiver possible under our constitution." [*Islas*, 156 A.3d at 1188] (quoting *Commonwealth v. Elia*, 83 A.3d 254, 262 (Pa. Super. 2013)[]). Finally, this Court must not substitute its judgment for that of the trial court; rather, we must discern whether the trial court acted within its permissible discretion. *Norton*, 201 A.3d at 121.

*Commonwealth v. Garcia*, 280 A.3d 1019, 1024 (Pa. Super. 2022).

There are several considerations that factor into a decision on a presentence motion to withdraw a guilty plea:

(1) there is no absolute right to withdraw a guilty plea; (2) trial courts have discretion in determining whether a withdrawal request will be granted; (3) such discretion is to be administered liberally in favor of the accused; and (4) any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Norton*, 201 A.3d at 116 (quoting *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015)) (quotation marks omitted).

A fair and just reason exists where the defendant makes claim of innocence that is at least plausible. Stated more broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. Trial courts have discretion to assess the plausibility of claims of innocence.

*Garcia*, 280 A.3d at 1023 (internal citations and quotations omitted).

The "fair-and-just reason" determination for the presentence withdrawal of a guilty plea must be determined on a case-by-case basis. *Norton*, 201 A.3d at 122 n.7. "[W]e are not creating any per se rules regarding what

constitutes a fair and just reason[.] … Rather, when ruling on a presentence motion to withdraw a guilty plea, a court should carefully exercise its discretion in accordance with the law." ***Id.***

Our review of the record reveals the following. In his presentence motion to withdraw, Hatchett stated that he "feels he has a good defense of mistaken identity as to the charges," and wished to proceed to trial. Motion to Withdraw Guilty Plea, 6/13/2023, at 1 (unnumbered). In the memorandum of law in support of the motion to withdraw the guilty plea, Hatchett supplemented his misidentification defense by claiming that the surveillance cameras were unable to show who took or returned the rental car. Memorandum of Law, 8/3/2023, at 2 (unnumbered). Additionally, Hatchett noted that he was making money by renting cars and then subletting them to people for cash. ***Id.*** at 3 (unnumbered). Finally, Hatchett also claimed that there was no motive for the killing and that there was no connection between Hatchett and the victim. ***Id.*** at 4 (unnumbered).

At the hearing regarding his motion to withdraw his guilty plea, Hatchett failed to claim that he was innocent. In contrast to his pleadings, Hatchett indicated he was attempting to plead a justification defense. N.T., 8/4/2023, at 30 (stating "the Nasir Jackson case is the one that I was trying to go justifiable with"). Instead, Hatchett stated that he was claiming innocence in his other murder case. ***Id.*** Hatchett also attempted to claim that he was under duress by his family to plead guilty. ***Id.*** at 29-30.

- 6 -

The trial court found that Hatchett failed to establish a fair and just reason to withdraw his plea. Trial Court Opinion, 9/6/2024, at 4. The trial court noted that Hatchett did not declare his innocence but instead presented conflicting defenses—justification and misidentification—he would have raised at trial. *Id.* at 4-5. The trial court noted Hatchett would have known about a justification defense at the time he pled guilty. *Id.* at 4. The trial court also pointed out that the Commonwealth had plenty of evidence to rebut a misidentification defense. *Id.* at 5. Finally, the trial court found that the record does not support Hatchett's claim that he was coerced into pleading guilty. *Id.* at 5.

We discern no abuse of discretion in the trial court's conclusion that none of Hatchett's proffered reasons established a fair and just reason to withdraw his plea. Hatchett baldly provides conflicting defenses he would have raised at trial, without evidentiary support. *See Norton*, 201 A.3d at 120 (stating bare assertions of innocence do not compel a trial court to grant a presentence motion to withdraw). In fact, the record is devoid of any assertion by Hatchett of his actual innocence. Pointedly, during the guilty plea colloquy, Hatchett accepted the factual basis of the plea. N.T., 4/14/2023, at 41-46; Written Plea Colloquy, 4/14/2023, at 2. Hatchett explicitly stated, "I agree to that, those things happened." N.T., 4/14/2023, at 46; *see also id.* (where the trial court asked Hatchett if he was pleading guilty because he was in fact guilty of the charges, and Hatchett responded "[y]es"). Moreover,

Hatchett acknowledged that by pleading guilty, he was "giving up the right to defend my case." Written Plea Colloquy, 4/14/2023, at 7.

Hatchett also confirmed in both his oral and written colloquies that he was not being coerced and that he was pleading guilty of his own free will. N.T., 4/14/2023, at 48-49; Written Plea Colloquy, 4/14/2023, at 2; ***see also*** Motion to Withdraw Plea, date, at 1 (unnumbered) (conceding that his plea in open court was "made freely and voluntarily, with no coercion, threats or promises, and that [Hatchett] admitted that he wished to plead guilty"). The law is clear that Hatchett is bound by his statements made during the plea colloquy. ***See Commonwealth v. Pier***, 182 A.3d 476, 480 (Pa. Super. 2018).

Thus, the record plainly supports the trial court's conclusion that Hatchett presented insufficient reasons for it to grant his requests to withdraw his guilty plea.[3] Accordingly, we conclude that the trial court did not abuse its discretion in denying Hatchett's presentence motion to withdraw his plea, and his first claim is without merit.

## Discretionary Aspects of Sentencing

_____

[3] Because Hatchett failed to present a fair and just reason for withdrawing his plea, we need not consider whether the withdrawal of the guilty plea would have substantially prejudiced the Commonwealth. ***See Carrasquillo***, 115 A.3d at 1293 n.9 (declining to address prejudice to Commonwealth because defendant failed to assert a fair and just reason to withdraw the plea).

Hatchett's final two claims challenge the discretionary aspects of his sentence.[4] "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted). To invoke this Court's jurisdiction, an appellant must satisfy a four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f), and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted). A substantial question is determined on a case-by-case basis and exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McCain*, 176 A.3d 236, 240 (Pa. Super. 2017).

Here, Hatchett preserved his claim in a post-sentence motion and timely appealed to this Court. Further, Hatchett's brief contains a Rule 2119(f) concise statement wherein he asserts that the trial court abused its discretion

---

[4] We note that when a defendant enters an open guilty plea, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

in imposing an excessive sentence without considering his mitigating circumstances. This raises a substantial question for our review. ***See Commonwealth v. Swope***, 123 A.3d 333, 339 (Pa. Super. 2015) (stating that an "excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citation omitted).

Our standard of review when a defendant raises a challenge to the discretionary aspects of sentencing is well established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Lekka***, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted). Further, we conduct our review mindful of the following directives by our General Assembly:

> **(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

> (3)     the sentencing court sentenced outside the sentencing
>         guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence
> imposed by the sentencing court.
>
> **(d) Review of record.--**In reviewing the record the appellate
> court shall have regard for:
>
> (1)     The nature and circumstances of the offense and the
>         history and characteristics of the defendant.
>
> (2)     The opportunity of the sentencing court to observe the
>         defendant, including any presentence investigation.
>
> (3)     The findings upon which the sentence was based.
>
> (4)     The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(c)-(d). If the trial court was presented with a presentence

investigation report, "it is presumed that the court is aware of all appropriate

sentencing factors and considerations, and that where the court has been so

informed, its discretion should not be disturbed." *Commonwealth v. Miller*,

275 A.3d 530, 535 (Pa. Super. 2022) (citation omitted); *see also Rhoades*,

8 A.3d at 919 ("where the sentencing court had the benefit of a pre[]sentence

investigation report, we can assume the sentencing court was aware of

relevant information regarding the defendant's character and weighed those

considerations along with mitigating statutory factors") (citation and quotation

marks omitted).

Hatchett argues that the trial court abused its discretion in imposing an

excessive sentence. Hatchett's Brief at 6. Hatchett states that the imposition

of consecutive sentences was punitive, especially given the failure to consider

- 11 -

his mitigating factors. *Id.* at 7. Hatchett highlights that he faced significant adversity in his young life, as his father passed away when he was seven and his mother was an addict, who was unable to care for her children. *Id.* at 8. Hatchett also described an incident where he broke his kneecap while riding a bike and was prescribed Percocet pills for recovery, and he contends that this is what started his drug addiction. *Id.* Further, he describes losing many loved ones to violence throughout his life. *Id.* at 8-9. Hatchett also contends that the trial court exhibited bias because it gave greater weight to the victim impact testimony rather than considering his individual characteristics and rehabilitative needs. *Id.* at 8-9. Finally, Hatchett points out that he had no documented history of violence before the instant case, and that all his prior arrests were solely drug related. *Id.* at 9.

The record reflects that when imposing Hatchett's sentence, the trial court considered his prior record score, the presentence investigation report, a mitigation report, and letters from Hatchett's family and friends. N.T., 3/1/2024, at 4-5, 26. Further, the trial court considered his rehabilitative needs and everything presented during the history of the case. *Id.* at 25, 27-28. The court weighed these factors against the circumstances of the crime and the danger it posed to the public. *Id.* at 26, 28 (noting that eleven bullets were fired at a defenseless person in a "brazen assassination" on a public street).

The trial court also noted the impact on the community, stating that "this kind of outrageous firing of a gun on a public street in an attempt to assassinate somebody, 11 rounds on a public street, is exactly the kind of conduct that is the most difficult that the City of Philadelphia has to deal with." *Id.* at 27. The trial court further stated that it had "grave concerns about the public given the brazen assassination that occurred in this case, the overwhelming evidence of [Hatchett's] guilt, and his unwillingness to accept responsibility." *Id.* at 26. Finally, the trial court indicated that Hatchett had shown "no remorse whatsoever" and that it would consider all these factors in its sentencing decision. *Id.* at 27.

Additionally, the trial court acknowledged that Hatchett's sentence for possession of a firearm by a prohibited person was a departure from the sentencing guidelines, but stated it considered two aggravating factors in its decision: Hatchett's behavior during the hearing and the conduct displayed in this case. *Id.* at 28. The trial court highlighted "outrageous comments made by [Hatchett]" at the hearing, and indicated Hatchett had a "lack of regard" and "complete contempt" for the law.[5] *Id.* at 26, 29. The court stated that it "take[s] those into account and consider[s] them also to be factors that justify a departure above the guidelines." *Id.* at 29. Likewise, the trial court stated

_____

[5] During the sentencing hearing, Hatchett asked if he was in a probate court and attempted to appoint the trial court judge as a trustee to his estate. N.T., 3/1/2024, at 24-25.

that it ordered the sentences to run consecutively "to demonstrate the magnitude of this offense, the outrageousness of [Hatchett's] conduct, and [Hatchett's] outrageous performance here during this sentencing hearing." *Id.* at 30.

We find no basis to conclude that the trial court abused its discretion when sentencing Hatchett. The trial court considered the mitigating factors Hatchett claims it ignored. *See* N.T., 3/1/2024, at 4-5, 26; Trial Court Opinion, 9/6/2024, at 8 (noting it "explicitly took into account the mitigation report submitted by the defense"); *see also Rhoades*, 8 A.3d at 919. Further, the trial court indicated that in fashioning the sentence, it considered everything presented during the history of Hatchett's case, as well as the sentencing guidelines and statutory factors. Trial Court Opinion, 9/6/2024, at 7. The trial court also noted the aggravated circumstances. *Id.* at 8. The trial court was well within its discretion to determine that the risk Hatchett presented to the public at large outweighed the mitigating circumstances. *See Baker* 311 A.3d at 19 (noting that "the weight accorded to the mitigating factors of aggravating factors presented to the sentencing court is within the court's exclusive domain"). Therefore, we conclude that the trial court did not abuse its discretion in imposing the sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/18/2025