J-S32043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN LEE SHEPPARD | : | |
| | : | |
| Appellant | : | No. 371 MDA 2025 |

Appeal from the Judgment of Sentence Entered July 16, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002090-2023

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: OCTOBER 15, 2025**

Kevin Lee Sheppard appeals from the July 16, 2024 aggregate judgment of sentence of 5 to 10 years' imprisonment imposed after he entered a negotiated guilty plea to one count each of possession with intent to deliver a controlled substance ("PWID") and criminal conspiracy.[1]  After careful review, we affirm the judgment of sentence.[2]

The trial court summarized the relevant facts and procedural history of this case as follows:

> As a result of the execution of a search warrant issued on the basis of information supplied by a confidential informant and a trash pull from a container set out in

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30) and 18 Pa.C.S.A. § 903(a), respectively.

[2] The Commonwealth has not filed a brief in this matter.

front of the address where [Appellant] lived, [Appellant] was charged on July 19, 2022, with multiple drug offenses. Of twenty crimes charged in an Information filed on October 6, 2023, including [PWID] a Schedule II controlled substance in the form of fentanyl and conspiracy to commit that crime, felonies with a maximum penalty of 15 years in prison and a fine of $250,000.00, [Appellant] pled guilty on January 10, 2024, to two less serious charges, [PWID] a Schedule II controlled substance in the form of meth and conspiracy to commit that offense, with an understanding that the sentence to be imposed would be one of not less than five not more than ten years in a state correctional institution, which represented a mitigated range sentence given [Appellant's] prior record store.

The guilty pleas were predicated on the following facts as recited by the prosecutor:

> On April 17, 2023, the Cumberland County Drug Task Force did conduct a search warrant at a location on Silver Spring Road in Mechanicsburg, Cumberland County; Pennsylvania. This is the residence of [Appellant] and the co-Defendant in this case Kyle Sheppard. [Appellant] is Kyle's father, just as a way of background. During this search, large amounts of narcotics were found, including over 50 grams of Methamphetamine. This amount of drugs as well as other items found, including paraphernalia, is indicative of possession with intent to deliver. [Appellant] admitted in a statement that day that [he] and the co-Defendant[] did possess the drugs with intent to deliver them and that they together had conspired to possess the drugs with intent to deliver.

[Notes of testimony, 1/10/24 at 3.]

In entering the guilty pleas, [Appellant] (a) acknowledged the accuracy of the factual recitation, (b) affirmed his understanding of the

Commonwealth's burden of proof pertinent to a conviction, the potential and agreed-upon sentences to be imposed for the crimes, the absence of any other promises or threats made to procure the pleas, and the principle that a decision to plead guilty is that of the client, not the attorney, and (c) confirmed that he had gone over his legal rights with his attorney. He also signed a written guilty plea colloquy form, indicating thereon that he had a bachelor's degree in social services, which detailed the various aspects of a guilty plea.

In accepting [Appellant's] pleas on January 10, 2024, the court scheduled his sentence for April 2, 2024. However, as of January 26, 2024, he had absconded and he did not appear for the scheduled sentence. He was not apprehended until July 12, 2024.

At [Appellant's] sentencing proceeding on July 16, 2024, he attributed his failure to appear for sentence to having "lost [his] court date." He also announced that he "would like to fire [his] counsel for ineffective counsel and withdraw [his] plea," because he "was made a promise that didn't exist."

With respect to his request for a different "Public Defender, one that is going to support me and actually fight for me," [Appellant] complained that his counsel had not provided him with his "discovery," and "had me take the first plea, and it was ineffective counsel. I should never have taken the first plea." With respect to his request to withdraw his pleas, he stated that he "should be able to get less time out of it," and also that "I think I can beat the charges and get them dismissed."

Trial court opinion, 5/13/25 at 2-5 (footnotes omitted; bracketed citation added; quotation marks in original).

At his July 16, 2024 sentencing hearing, the trial court denied Appellant's request to have a different Public Defender appointed to represent

- 3 -

him, and denied his request to withdraw his guilty plea. Notes of testimony, 7/16/24 at 7. Thereafter, the trial court sentenced Appellant to an aggregate term of 5 to 10 years' imprisonment – the sentence Appellant initially agreed to at the time he entered his negotiated guilty plea. *Id.* at 8.

Appellant did not file a post-sentence motion nor a notice of appeal with this Court. On December 17, 2024, Appellant filed a timely petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Following the reinstatement of his direct appeal rights *nunc pro tunc*, Appellant filed the instant notice of appeal on March 19, 2025. On March 21, 2025, the trial court ordered Appellant to file a concise statement of matters complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant timely complied and the trial court issued a Rule 1925(a) opinion on May 13, 2025.

Appellant raises the following issue for our review:

> 1. Whether the trial court erred in denying [Appellant's] request to withdraw his guilty plea prior to sentencing where he presented a fair and just reasons for the withdrawal[?]

Appellant's brief at 4 (extraneous capitalization omitted).

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Kehr*, 180 A.3d 754, 757 (Pa.Super. 2018) (citation omitted). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion

- 4 -

which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will."

**Commonwealth v. Norton**, 201 A.3d 112, 120 (Pa. 2019) (citation omitted; brackets in original).

A motion to withdraw a guilty plea prior to sentencing is governed by Pa.R.Crim.P. 591, which provides, in relevant part, as follows:

> At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, **sua sponte**, the withdrawal of a plea of guilty or **nolo contendere** and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A).

Our Supreme Court has interpreted the rule as follows:

> There is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

**Commonwealth v. Johnson-Daniels**, 167 A.3d 17, 23 (Pa.Super. 2017) (citations omitted), **appeal denied**, 174 A.3d 1029 (Pa. 2017); **see also** Pa.R.Crim.P. 591, Comment.

Thus,

> in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds "any fair and just reason[,"] withdrawal of the plea before sentence should be

freely permitted, unless the prosecution has been "substantially prejudiced."

***Commonwealth v. Islas***, 156 A.3d 1185, 1188 (Pa.Super. 2017) (citation omitted; internal quotation marks in original).

Furthermore, in situations where a when a defendant makes a pre-sentence request to withdraw his guilty plea based upon a claim of innocence, "the innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." ***Norton***, 201 A.3d at 120 (citation and internal quotation marks omitted).

> [I]t is important that appellate courts honor trial court's discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their please would promote fairness and justice.

***Commonwealth v. Garcia***, 280 A.3d 1019, 1024 (Pa.Super. 2022) (citation omitted), ***appeal denied***, 293 A.3d 566 (Pa. 2023).

Instantly, we discern no abuse of discretion on the part of the trial court in concluding that Appellant's request to withdraw his negotiated guilty plea did not promote fairness and justice. The record plainly supports the trial court's conclusion that Appellant presented insufficient reasons for it to grant his request to withdraw his guilty plea. The record reflects that Appellant never made a specific, plausible claim of innocence in this matter, rather indicating to the court his belief that he "should be able to get less time [than

his aggregate term of 5 to 10 years' imprisonment]" and that he "can beat the charges and get them dismissed." **See** notes of testimony, 7/16/24 at 4-5.

Appellant also confirmed in both his oral and written colloquies that he was not being coerced and that he was pleading guilty of his own free will. **See** notes of testimony, 1/10/24 at 3-4; Written Guilty Plea Colloquy, 1/10/24 at 2. The law is clear that Appellant is bound by his statements made during the plea colloquy. **See Commonwealth v. Pier**, 182 A.3d 476, 480 (Pa.Super. 2018).

Additionally, the record reflects that Appellant's oral withdrawal request was made immediately prior to the court's imposition of sentence at the July 16, 2024 hearing, and more than six months after he pled guilty and then absconded. As recognized by the trial court, "a grant of [Appellant's] request [to withdraw his guilty plea] … would promote the opposite [of fairness and justice], by rewarding an obvious and spurious attempt to manipulate the system." Trial court opinion, 5/13/25 at 7. We agree.[3]

_____

[3] Because Appellant failed to present a fair and just reason for withdrawing his plea, we need not consider whether the withdrawal of the guilty plea would have substantially prejudiced the Commonwealth. **See Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1293 n.9 (Pa. 2015) (declining to address prejudice to the Commonwealth because defendant failed to assert a fair and just reason to withdraw the plea).

Accordingly, we conclude that Appellant's request to withdraw his guilty plea prior to sentencing was properly denied and affirm his July 16, 2024 judgment of sentence.

Judgement of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2025