J-S39004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2686 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 13, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003608-2023

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 12, 2026**

Appellant, Andrew Williams, appeals from the judgment of sentence entered on September 13, 2024, in the court of Common Pleas of Philadelphia County. On appeal, Appellant argues the trial court abused its discretion in denying his presentence motion to withdraw his guilty plea. We disagree. Accordingly, we affirm.

The factual background, as summarized by the Commonwealth at Appellant's guilty plea hearing, is as follows.

> [O]n March 3, 2023, around 12:53 a.m.[,] police responded to the area of 1300 Wagner Avenue based on a report of a body found behind the Logan branch of the Philadelphia Public Library. A man who had been out walking his dog that evening discovered the decedent, Mr. Anthony Jones, lying in the grass suffering from multiple gunshot wounds. Mr. Jones was pronounced dead at the scene. His cause of death was determined to be multiple gunshot wounds, and the manner of death was determined to a be a homicide from the medical examiner's office. Three 9mm [Fired Cartridge Casings, hereinafter "FCCs"] and video surveillance

footage were recovered from the crime scene. The footage showed [Appellant] shooting [Mr. Jones] after [Mr. Jones] and another man had engaged in what [the Commonwealth] would describe as a mutual play fight [or wresting match]. [Appellant] is captured on camera at a place around the same block called the Beer Store. He is then seen on camera walking . . . from the Beer Store to watch this play fight happening next to the library. After the fight ended, [Appellant] gestured for the others in the group to move aside. He pulled out . . . a previously concealed firearm and shot [Mr. Jones] several times before walking back to the Beer Store with the other men who were present.

When [Appellant] returned to the Beer Store with the other men . . ., they switched . . . clothing with each other [to] conceal their identities. Once Police Officers Bossert and Miller reviewed [the] surveillance footage, they recognized [Appellant] in [the] surveillance footage[.] At the time of this incident, [Appellant] was ineligible to possess a firearm due to [a] possession with intent to deliver case.

N.T. 5/23/24, at 9-11.

On May 23, 2024, Appellant entered a negotiated guilty plea . . . to third-degree murder, [Violation of the Uniform Firearms Act, "VUFA"] § 6105, VUFA § 6106, and VUFA § 6108 on docket number CP-51-CR-0003608-2023 (hereinafter the "murder" charges) in exchange for a recommended sentence of twenty (20) to forty-four (44) years of confinement. Additionally, Appellant's plea deal included the option for Appellant to plead guilty to possession with intent to deliver and associated gun charges (hereinafter the "drug" charges) at docket number CP-51-CR-0010083-2021. During Appellant's plea hearing, [the trial court] reviewed the written guilty plea colloquy form signed by Appellant and completed an oral guilty plea colloquy with Appellant.

Trial Court Opinion, 3/7/25, at 1-2 (footnotes omitted).

On August 1, 2024, Appellant filed *pro se* motions to withdraw his guilty plea and to have new counsel appointed. On September 13, 2024, [the trial court] held a sentencing hearing wherein [the trial court] acknowledged Appellant's *pro se* motions, heard Appellant's complaints regarding his dissatisfaction with his current counsel, and heard the basis for Appellant's request to withdraw his guilty plea and proceed to a trial. [The trial court] ultimately concluded that Appellant had provided no sufficient

basis under the law which allowed him to withdraw his plea. [The trial court] noted how Appellant knowingly and voluntarily waived his right to a jury trial by pleading guilty after reviewing the issues with his counsel and signing the appropriate paperwork. [The trial court] maintained that permitting Appellant to withdraw his plea merely because Appellant had changed his mind would not be in the interest of justice.

*Id.* at 3.

Ultimately, the trial court denied Appellant's request to withdraw his appeal and proceeded to sentence Appellant. This appeal followed.

On appeal, Appellant raises the following issue:

> Did not the trial court err and abuse its discretion in denying Appellant's presentence request to withdraw his plea where Appellant presented a fair and just reason for withdrawing his plea and where the Commonwealth did not assert any prejudice.

Appellant's Brief at 3.

The standard of review that we employ in challenges to a trial court's decision regarding a presentence motion to withdraw a guilty plea is well-settled. "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." *Commonwealth v. Elia*, 83 A.3d 254, 261–62 (Pa. Super. 2013).

> When a [trial] court comes to a conclusion through the exercise of its discretion, there is a heavy burden [on the appellant] to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly

- 3 -

unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.

***Commonwealth v. Norton***, 201 A.3d 112, 120 (Pa. 2019) (citation omitted; brackets in original).

The trial court's discretion, however, is not unfettered. "[T]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." [***Norton***, 201 A.3d at 121]. The trial court must be mindful that the law requires trial courts to grant presentence plea withdrawal motions liberally and make credibility determinations supported by the record. ***Id.*** "The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution." ***Commonwealth v. Islas***, 156 A.3d 1185, 1188 (Pa. Super. 2017) (quoting [***Elia***, 83 A.3d at 262]). Finally, this Court must not substitute its judgment for that of the trial court; rather, we must discern whether the trial court acted within its permissible discretion. ***Norton***, 201 A.3d at 121.

***Commonwealth v. Garcia***, 280 A.3d 1019, 1024 (Pa. Super. 2022).

A motion to withdraw a guilty plea prior to sentencing is governed by Pa.R.Crim.P. 591, which provides, in relevant part, as follows:

At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A).

Our Supreme Court has interpreted the rule as follows:

[T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor

of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015); *see also* Pa.R.Crim.P. 591, Comment.

Thus,

[I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds any fair and just reason, withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been substantially prejudiced.

*Commonwealth v. Forbes*, 299 A.2d 268, 271 (Pa. 1973) (citation and quotation marks omitted).

Like here, in situations where a defendant makes a presentence request to withdraw his guilty plea based upon a claim of innocence, "the innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Norton*, 201 A.3d at 120 (citation and internal quotation marks omitted).

[I]t is important that appellate courts honor trial court[s'] discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Norton*, 201 A.3d at 121. "[A] mere, bare, or non-colorable assertion of innocence is insufficient, in and of itself, to support withdrawal of a plea." *Islas*, 156 A.3d at 1189 (citation omitted).

As noted above, Appellant argues that the trial court erred and abused its discretion in denying Appellant's presentence request to withdraw his plea where Appellant presented a fair and just reason for withdrawing his plea and where the Commonwealth did not assert any prejudice. *See* Appellant's Brief at 3. We disagree.

Regarding the showing of innocence, Appellant avers that he "made a colorable showing of innocence when he denied shooting the decedent and challenged the strength of the Commonwealth's evidence in terms of its sufficiency to identify him as the shooter." Appellant's Brief at 13.

To better understand the true nature of the claim, it is important to consider how the claim evolved and how Appellant himself phrased it.

More than two months after entering his guilty plea (but before sentencing), Appellant sent a letter to the trial court, styled as a *pro se* motion to withdraw his plea and request a new counsel. *See* Motion to Withdraw Guilty Plea, 8/1/2024. In his letter, Appellant expressed dissatisfaction with his plea counsel, because, in his assessment, he had viable suppression claims. Indeed, Appellant, in his letter, does not ever say that he is innocent. Rather, he thought he had a winning suppression claim based on two facts: (1) consent forms not properly signed and (2) investigators did not have a search warrant to access surveillance footage of a private business. Clearly, Appellant was trying to withdraw his guilty plea not because he thought he was innocent but because he thought he had a winning suppression issue.

Following the filing of said motion, the trial court held a hearing. While there was some effort in trying to make a showing of innocence, the effort fell short due to Appellant's own ambivalence regarding the claim. The "colorable" claim of innocence is essentially based on him not thinking or feeling being responsible for the crimes he plead guilty to.

Despite how the original claim morphed into the current version of the issue before us, the underpinnings remain the same: Appellant has not and is not claiming innocence, despite counsel's argument to the contrary. He is simply unhappy with the guilty plea, thinking that challenging some of the evidence on some procedural grounds would beat the Commonwealth's case against him.[1] His desire to withdraw the guilty plea has nothing to do with a claim of innocence, and his claim fails on this basis.

Similarly, the trial court addressed this matter as follows:

> At Appellant's plea hearing, in support of Appellant's murder of the third-degree charge, the Commonwealth proffered video surveillance footage showing Appellant approach the Decedent, shoot him several times, depart the scene, and swap clothing with his associates to conceal his identity. The Commonwealth further proffered three (3) 9mm FCCs [Fired Cartridge Casings] recovered from the scene of the crime and two witnesses – Officers Bossert and Miller – who were ready and available to identify Appellant as the shooter based on their recognition of Appellant from previous

---

[1] "The law does not require that [a defendant] be pleased with the outcome of his decision to plead guilty. [The law requires only that a defendant's] decision to plead guilty be made knowingly, voluntarily, and intelligently." **Commonwealth v. Moser**, 921 A.2d 526, 528–529 (Pa. Super. 2007). Here, other than a general dissatisfaction with the plea and counsel, Appellant makes no claim that the plea was not made knowingly, voluntarily, and intelligently.

interactions. In support of Appellant's three (3) charges for violations of the Uniform Firearms Act, the Commonwealth proffered evidence of Appellant's previous conviction . . ., which rendered Appellant ineligible to possess the firearm Appellant was shown using in the video surveillance footage.

In contrast, Appellant proffers no evidence in support of his bald assertion that he is "innocent' of the offenses to which he plead guilty. Moreover, Appellant has failed to expound upon or develop his general claim of innocence. Absent from the record is any attempt by Appellant to cite to any portion of the record that lends to his factual innocence. In light of this, [the trial court] . . . finds that Appellant's claim of innocence alone does not provide a fair and just reason for permitting the withdrawal of his guilty plea.

Trial Court Opinion, 3/7/25, at 5-6.

We agree with the trial court's analysis and conclusions. We also add that, with this background, it is hard to see how Appellant can make a colorable, plausible claim of innocence.[2] Indeed, such difficulty is shown in the deficiencies noted above by the trial court, in addition to Appellant's own description of the basis for his claim. When asked at the hearing why he wanted to withdraw his guilty plea, Appellant stated that (i) he did not "think" he committed the crimes he plead guilty to, or, (ii) he did not "feel" he had done anything wrong. N.T., 9/13/24, at 5, 11. Even putting aside the evidence

---

[2] It is well-established that "a defendant is bound by the statements which he makes during his plea colloquy[,]" and "[t]herefore, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty, and he may not recant the representations he made in court when he entered his guilty plea." *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018).

supporting his guilty plea, Appellant's words are not even remotely sufficient to make a colorable showing of innocence.

In light of the foregoing, and mindful of the applicable standard, we agree with the trial court that Appellant failed to make a colorable claim of innocence. Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea.[3]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2026

---

[3] While not directly relevant to the issue before us, Appellant suggests that his strained relationship with counsel should be taken into account in deciding Appellant's motion to withdraw. The trial court aptly noted that "Appellant . . . has provided no indication that this purported dissatisfaction in any way affected his decision to enter his guilty plea." Trial Court Opinion, 3/7/25, at 6.

Appellant also argues that the motion to withdraw should be granted on the account that the Commonwealth did not claim prejudice from the withdrawal of the guilty plea. The trial court noted that Appellant having failed to establish fair and just reasons for permitting withdrawal of his guilty plea, the "Commonwealth . . . need not demonstrate, and [the trial court] need not analyze prejudice, as Appellant has failed to meet the first prong of the analysis under [*Carrasquillo*, 115 A.3d at 1291-92]." Trial Court Opinion, 3/7/25, at 8. We agree.